IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ISOTEC INTERNATIONAL, INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:04-CV-0788-JOF |
| STANKIEWICZ INTERNATIONAL : | |
| CORPORATION, : | |
| : | |
| Defendant. : | |

## OPINION AND ORDER

This matter is before the court on Defendant's motion to alter/amend or reconsider the court's September 26, 2005 order [88].

**I.    Background**

On February 13, 2004, Plaintiff Isotec International, Inc., filed suit alleging two counts of breach of contract and seeking prejudgment interest and attorney's fees and expenses pursuant to O.C.G.A. § 13-6-11, against Defendant Stankiewicz Corporation in the State Court of Cherokee County. On March 19, 2004, Defendant removed the action to the Northern District of Georgia. On November 5, 2004, Plaintiff moved for partial summary judgment. On September 26, 2005 this court issued an order granting Plaintiff's motion for partial summary judgment. On October 7, 2005, Defendant filed a motion to alter/amend the partial

summary judgment order or in the alternative a motion for reconsideration of the partial summary judgment order.

## II.    Discussion

Plaintiff contends that summary judgment should not have been entered as the agreement between Plaintiff and Defendant was not an enforceable contract. In the alternative, Defendant contends that summary judgment should not have been entered as Defendant complied with its notice and termination obligations under the contract.

Under Rule 59(e), the decision of whether to alter or amend a judgment is committed to the sound discretion of the district court. *Lawson v. Singletary*, 85 F.3d 502, 507 (11th Cir. 1996). There are three primary grounds for reconsideration of an order under Rule 59(e): an intervening change in controlling law, availability of new evidence, or to correct clear error or prevent manifest injustice. *U.S. v. Battle*, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003) (Evans, C.J.).

With regard to motions for reconsideration the Local Rules state, "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.2(E) N.D. Ga. A motion for reconsideration is an extraordinary remedy and should only be granted when there is discovery of new evidence, an intervening change in controlling law, or a need to correct clear error. *See Deerskin Trading Post, Inc. v. United Parcel Serv.*, 972 F. Supp. 665, 674 (N.D. Ga. 1997) (Hull, J.); *see also P.E.A.C.H. v. U.S. Army Corps of Engineers*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995) (O'Kelley, J.) ("A motion for reconsideration is not an

2

opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.").

Here, Defendant has not pointed to any new evidence or change in controlling law. Moreover, Defendant has not pointed to clear error in this court's factual findings or citation to law; it simply believes that this court interpreted those facts and law incorrectly. Therefore, the court DENIES Defendant's motion to alter/amend or reconsider the court's September 26, 2005 order [88].

In its response to Defendant's motion, Plaintiff asks this court to grant fees against Defendant for a frivolous and unsubstantiated motion. Plaintiff has cited no legal avenue or authority under which this court could or should grant attorney's fees. Further, its request should be filed as a motion. Pursuant to Local Rule 7.1, "[e]very motion presented to the clerk for filing shall be accompanied by a memorandum of law which cites supporting authority." As Plaintiff has neither filed a motion for attorney's fees nor provided authority supporting the motion, the court will not grant Plaintiff's attorney's fees for filing an answer to Defendant's motion.

AO 72A
(Rev.8/82)

**III.    Conclusion**

The court DENIES Defendant's motion to alter/amend or reconsider the court's September 26, 2005 order [88].

**IT IS SO ORDERED** this 30th day of May 2006.

                                                s/ J. Owen Forrester  
                                                J. OWEN FORRESTER  
                               SENIOR UNITED STATES DISTRICT JUDGE